UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERALDINO PEREIRA DOS SANTOS,<br><br>         Petitioner,<br><br>v.<br><br>MOISES BECERRA, Acting Director of Field Office, U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; CHRISTOPHER J. LAROSE, Warden of the Otay Mesa Detention Center;<br><br>         Respondents. | Case No.: 26-cv-01423-GPC-VET<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS; DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER.**<br><br>**[ECF Nos. 1, 7]** |

  Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. For the reasons set forth below, the Court **GRANTS IN PART** the Petition and **ORDERS** that Respondents provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within seven (7) days. Petitioner has also filed an emergency motion for a temporary restraining order (TRO). ECF No. 7. Because the TRO motion raises identical

arguments as the Petition and seeks relief pending the Court's resolution of the Petition—which is now resolved—the Court **DENIES** the motion as **MOOT**.

## BACKGROUND

Petitioner entered the United States in May of 2024. ECF No. 1, ¶ 1. On September 8, 2025, ICE detained Petitioner while he was driving home in Malden, Massachusetts. *Id.* ¶ 2. Petitioner has no criminal background, and has now been detained for six months without a bond hearing. *Id.* ¶¶ 3-4.

Petitioner alleges that his detention without a bond hearing violates his Fifth Amendment due process rights, the Immigration and Nationality Act, and the Administrative Procedure Act. *Id.* ¶¶ 16-30. Specifically, Petitioner argues that his detention is governed by 8 U.S.C. § 1226(a) rather than § 1225(b)(2). *Id.*

Petitioner requests an order requiring his release, or any other relief this Court deems proper. *Id.* at 7. Respondents have filed a notice of non-opposition as to a bond hearing for Petitioner.[1] ECF No. 3. Thus, Respondents have "effectively concede[ed]" that Petitioner is detained under § 1226(a) rather than § 1225(b)(2) and has been unlawfully denied a bond hearing. *See Vardanyan v. Noem*, No. 5:26-CV-00423-MRA-RAO, 2026 WL 383341, at *2 (C.D. Cal. Feb. 11, 2026).

## DISCUSSION

Given Petitioner's allegations, a bond hearing is the appropriate remedy in this case. Section 1226 requires only consideration of release on bond, and a bond hearing is therefore sufficient to correct the unopposed violations outlined in the Petition. *See* 8 U.S.C. § 1226(a); *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1078 (S.D. Cal. 2025) (finding a bond hearing, rather than release, to be the appropriate remedy where Petitioner was wrongfully subjected to mandatory detention without a hearing under 8 U.S.C. §

---

[1] Respondents' non-opposition reads, in its entirety: "Respondents submit their Notice of Non-Opposition to a bond hearing for Petitioner in this matter, subject to supervision during his removal proceedings." ECF No. 3.

1225(b)(2) rather than provided a bond hearing under § 1226(a)); *Esquivel-Ipina v. LaRose*, --- F. Supp. 3d ---, 2025 WL 2998361, at *6 (S.D. Cal. Oct. 24, 2025) (same). If Respondents fail to comply with this order, Petitioner may seek further relief from the Court at that time.

Petitioner has also moved for a temporary restraining order (TRO) pending this Court's ruling on his Petition. ECF No. 7. The motion raises the same claims and arguments addressed in the Petition and seeks maintenance of the status quo pending the Court's consideration of the Petition. *See id.* Because the Court now grants the Petition, in part, the Court need not separately consider the merits of Petitioner's TRO motion.

## CONCLUSION

Accordingly, the Court **ORDERS** as follows:

- Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven (7) days of this Order;[2]
- Respondents are **ORDERED** to **FILE** a Notice of Compliance within seven (7) days of the hearing confirming that Petitioner was provided with a bond hearing and stating whether Petitioner was released on bond;
- Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention;
- Respondents **SHALL NOT** transfer Petitioner from this district pending his bond hearing;
- The Court **DENIES** Petitioner's motion for temporary restraining order, ECF No. 7, as moot;

---

[2] In his prayer for relief, Petitioner requests an award of costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act. ECF No. 1, at 7. That request is DENIED without prejudice. Petitioner's counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order.

- The Clerk of Court **SHALL** enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED.**

Dated: March 12, 2026

Hon. Gonzalo P. Curiel
United States District Judge