UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERALDINO PEREIRA DOS SANTOS,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>MOISES  BECERRA, Acting Director of Field Office, U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; CHRISTOPHER J. LAROSE, Warden of the Otay Mesa Detention Center;<br><br>　　　　　　　　　Respondents. | Case No.:  26-cv-01423-GPC-VET<br><br>**ORDER ON EMERGENCY MOTION TO CLARIFY**<br><br>**[ECF No. 11]** |

On March 12, 2026, this Court issued an Order agreeing with Petitioner that he was being improperly subjected to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 9. The Court found that Petitioner's detention was instead governed by § 1226(a) and that he was, therefore, entitled to a bond hearing in compliance with § 1226(a)'s requirements. *Id.* at 3.

Petitioner now seeks clarification regarding the burden of proof required at that bond hearing. ECF No. 11.

The Ninth Circuit has described the bond hearing requirements of § 1226(a) as follows:

> Under § 1226(a) and its implementing regulations, a detainee may request a bond hearing before an IJ at any time before a removal order becomes final. If at this hearing the detainee demonstrates by the preponderance of the evidence that he is not a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk, the IJ will order his release.

*Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (internal quotation marks and citations omitted). Thus, because the Court—in accordance with Petitioner's arguments—ordered a bond hearing in compliance with § 1226(a), the burden of proof is that associated with a § 1226(a) hearing. That is: Petitioner bears the burden of demonstrating by a preponderance of the evidence that he is not a flight risk or danger to national security.

Petitioner argues that it is "customary" for the burden to be on the government at custody hearings held in response to orders on habeas petitions. ECF No. 11. However, he cites no Ninth Circuit case law demonstrating that, when a district court orders a bond hearing in compliance with 8 U.S.C. § 1226(a), it places the burden on the government rather than the Petitioner.

Petitioner further relies on *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008) and *Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011). Much of *Casas-Castrillon* is no longer good law, *see Avilez v. Garland*, 69 F.4th 525, 537 (9th Cir. 2023), and the standard for § 1226(a) bond hearings has since been clarified by the Ninth Circuit in *Rodriguez Diaz*, 53 F. 4th at 1197. Additionally, the Ninth Circuit has made clear that *Singh* does not apply to detention under § 1226(a). *See Rodriguez Diaz*, 53 F. 4th at 1202 ("To the extent that any parts of *Singh* [and others] remain good law—an issue we need not decide—those cases in relevant part addressed detention under §§ 1225(b),

26-cv-01423-GPC-VET

1226(c), or 1231(a)(6), not detention that was based on § 1226(a) throughout."). Thus, Petitioner's reliance on *Casas-Castrillon* and *Singh* is unavailing.

Lastly, Petitioner argues that the government should bear the burden of proof because Petitioner has been in custody for more than six months. ECF No. 11, at 2. However, Petitioner did not raise the issue of prolonged detention in his initial petition. *See* ECF No. 1. Further, Petitioner does not offer any insight or argument—beyond reliance on *Singh* and *Casas-Castrillon*—regarding how Petitioner's length of detention would impact the standard at a § 1226(a) bond hearing.

Thus, the Court confirms that Petitioner's detention and release is governed by 8 U.S.C. § 1226(a), and that, as a result, Petitioner is entitled to a bond hearing before a neutral decisionmaker at which Petitioner must demonstrate by a preponderance of the evidence that he is not a flight risk or danger to the community. *Rodriguez Diaz*, 53 F.4th at 1197; *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 927 (N.D. Cal. 2025).

Should Petitioner have subsequent constitutional challenges to the prolonged nature of his detention, or should the Government fail to satisfy its obligations in providing Petitioner a hearing before a neutral decisionmaker, Petitioner may seek further relief from the Court at that time.

**IT IS SO ORDERED.**

Dated: March 23, 2026

Hon. Gonzalo P. Curiel
United States District Judge